# SUPREME JUDICiAL COURT

FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1853, AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,

---

### Samuel D. Pendar vs. American Mutual Insurance Company.

A provision in a policy of insurance, that prior insurance on the same property must be "mentioned in or indorsed upon" the policy, is not complied with by verbal notice of a prior insurance, given to the agent of the company issuing the second policy, although a memorandum thereof be then made by such agent in a private book of his own, which also contains some entries relating to insurance.

Action upon a policy of insurance containing a clause that "if the assured shall have already any other insurance against loss by fire on the property hereby insured, not notified to this

company, and mentioned in or indorsed upon this policy, then this insurance shall be void and of no effect." The fifth condition of the policy, also, was that " notice of all previous insurances, upon any property insured by this company, shall be given to them, and indorsed on this policy, or otherwise acknowledged by this company in writing; otherwise the policy to be of no effect."

At the trial before *Shaw*, C. J., it was admitted that when the policy in suit was made, there was then a prior insurance on the same property for $1,000 in the Union Mutual Fire Insurance Company, at Concord, New Hampshire. No indorsement of such prior insurance was made in or upon the policy; and in order to show a substantial compliance with the provision requiring such indorsement, or an excuse for non-compliance, the plaintiff called Israel D. Shepard, agent of the defendant company, by whom the policy in suit was countersigned, and offered to prove that notice of such prior insurance was given to him at the time the present policy was executed; and that he then made a memorandum thereof in a memorandum book kept by him, which book related partly to his own private affairs and partly to insurance matters, and which was in these words: " Elm Street. Samuel D. Pendar, of Danvers, made application for insurance against fire to the American Mutual Insurance Company, Amsterdam; $1,500 on factory, $500 on stock; $1,000 insured already by an office in N. H.; building owned by Pendar." This memorandum was not signed by the agent, nor by any person. The chief justice, being of opinion that such evidence was not competent to prove a compliance with the requisition of the policy, or an excuse for non-compliance, rejected it, and directed a nonsuit. If such ruling was erroneous, the nonsuit is to be taken off, and the case to stand for trial.

*W. D. Northend,* for the plaintiff. 1. Shepard was an agent of the company, with the fullest authority.

2. The conditions annexed to the policy are to be taken with the policy, and are a part of the contract. By the condition No. 5, it is made sufficient that the company should acknowledge notice of prior insurance in writing, which was

complied with by Shepard, their agent. *Liscom* v. *Boston Mutual Fire Ins. Co.* 9 Met. 205.

3. The memorandum of Shepard was competent to show notice to the company; and such notice, so acknowledged by him, is a substantial compliance with the terms of the policy. *Liscom* v. *Boston Mutual Fire Ins. Co.* 9 Met. 205.

4. The indorsement is to be made by the company. It is their obligation, and they have neglected to make the indorsement, without any fault of the plaintiff. The notice is to be given by the plaintiff, which was given; and the indorsement to be made by the company, which was not made.

5. Pendar was excused, because he could not indorse notice on the policy. It was impossible for him to do it.

*T. L. Wakefield*, for the defendants.

BIGELOW, J. The evidence offered by the plaintiff was clearly inadmissible, as tending to control by parol testimony the terms of the written contract. There being a prior insurance on the property, "not mentioned in or indorsed upon this policy," it was, by express stipulation, "void and of no effect."

The agent had no power or authority to change or modify this clause in the contract of insurance; and even if he had, he did not do it, because the policy, as executed and delivered to the plaintiff, contained the stipulation in express terms. If the plaintiff did not see fit to accept of the contract, with this restriction upon his right to have other insurance on his property, he might have rejected it entirely, or he might have refused to accept it until the defendants had indorsed the prior insurance on, or mentioned it in the policy. But having accepted it without objection, he cannot be heard to say that he was ignorant of its terms, or that it was the fault of the defendants that the prior insurance was not duly entered on the policy. It does not vary the nature or effect of the evidence offered by the plaintiff, that the agent had entered a notice of the prior insurance in his memorandum book. The book was a private one. The entries in it did not bind, or in any way affect the defendants. They therefore had no efficacy by themselves as evidence, and could be proved only by the tes-

timony of the agent. It was, therefore, still verbal evidence introduced to vary a written contract; and when the particular entry was proved, it did not advance the plaintiff's case, because it left the stipulation in the contract as to prior insurance entirely unaffected, and in full force. See *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175. *Nonsuit to stand.*